■ COPELIA J. McNEAL, Respondent, v. CITY OF NEW YORK et al., Appellants.— In a negligence action to recover damages for personal injuries, defendants appeal from an order of the Supreme Court, Kings County, dated May 6, 1971, which granted plaintiff's motion to compel defendants to accept service of the complaint and denied defendants' cross motion to dismiss the action for failure to serve the complaint timely after demand therefor (CPLR 3012, subd. [b]). Order reversed, without costs, plaintiff's motion denied; defendants' cross motion granted; and action dismissed. In our opinion, it was an improvident exercise of discretion to grant plaintiff's motion and deny defendants' cross motion. Latham, Acting P. J., Shapiro, Gulotta and Christ, JJ., concur.

■ EDWIN MINER et al., Plaintiffs, v. LONG ISLAND LIGHTING COMPANY, Defendant and Third-Party Plaintiff-Appellant. FLORAL PARK LANDSCAPING Co., INC., Third-Party Defendant-Respondent.— In a negligence action to recover damages for personal injury and loss of services, the defendant and third-party plaintiff appeals from an order of the Supreme Court, Kings County, dated April 5, 1971, which granted the third-party defendant's motion to dismiss the third-party complaint. Order reversed, with $10 costs and disbursements, and motion denied. The main complaint alleges that plaintiff Edward Miner, an employee of the third-party defendant, Floral Park Landscaping Co., Inc., was injured while trimming a tree when he came in contact with overhead electric wires owned and maintained by defendant, Long Island Lighting Company. By its third-party action, the latter seeks indemnification from Floral Park for any recovery had against it. In our opinion, the third-party complaint should not have been dismissed. Under a liberal construction of the pleadings (see *Wilson* v. *New York State Elec. & Gas Corp.,* 23 A D 2d 915), the possibility cannot be excluded that a jury could find that Long Island Lighting was liable merely for passive negligence arising out of a condition as to which it had not been chargeable with a strict duty of inspection and of which it had had no more than constructive notice and that Floral Park was primarily responsible for the accident because it had failed, in the face of actual notice of a dangerous condition, to take steps to protect its employee. Since indemnification would lie upon such a state of facts, determination of the third-party action should await resolution of the factual issues at a trial (*De Lilli* v. *Niagara Mohawk Power Corp.,* 11 A D 2d 839; *Wilson* v. *New York State Elec. & Gas Co., supra*). Munder, Acting P. J., Martuscello, Gulotta, Brennan and Benjamin, JJ., concur.